UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AVE CINAR, individually and on behalf of        Civil Action No.
all others similarly situated,

                Plaintiff,

    -against-

R&G BRENNER INCOME TAX, LLC,

                Defendant.
-------------------------------------------------------------------X

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, AVE CINAR, individually and on behalf of all others similarly situated (hereinafter, "Plaintiff"), as and for her Collective Action Complaint against Defendant, R&G BRENNER INCOME TAX, LLC (hereinafter, "Defendant"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief. This action is brought as a collective action pursuant to 29 U.S.C. §216(b) and as a state-law class actions under Fed. R. Civ. P. 23(b)(3).

2.      Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

1

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff is an adult female who is currently a resident of Monroe County, Pennsylvania.

6.      Plaintiff was employed by Defendant as a tax preparer at its 8509 Fourth Avenue, Brooklyn, New York 11209 location from on or about January 1, 2001 until on or about October 31, 2019.

7.      According to the New York State Department of State, Division of Corporations, Defendant is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

8.      Upon information and belief, Defendant maintains its principal place of business located at 111 East Merrick Road, Valley Stream, New York 11580.

9.      Upon information and belief, Defendant maintains approximately thirty branch locations throughout New York State.

10.      Upon information and belief, Defendant employed Plaintiff and all other similarly situated employees as tax preparers at all times relevant to this action. Defendant had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein. Defendant had and continues to have substantial control over all other similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

11.      Upon information and belief, at all relevant times, Defendant maintained control, oversight, and direction over Plaintiff and all other similarly situated employees, including timekeeping, payroll, and other employment practices applied to them.

2

12.     Defendant is a covered employer within the meaning of the FLSA and the NYLL, and, at all relevant times, employed Plaintiff and all other similarly situated employees.

## FACTS

13.     From on or about January 1, 2001 to on or about October 31, 2019, Plaintiff was employed as a tax preparer for the benefit of and at the direction of Defendant.

14.     As a tax preparer for Defendant, Plaintiff's primary job duty was preparing tax returns for customers of Defendant.

15.     During her years of employment, Plaintiff worked for Defendant from January 1st through at least April 24th of each year.

16.     From the beginning of her employment through in or about April 2019, Plaintiff worked Monday through Friday from approximately 9:00 a.m. until about 8:00 p.m. and Saturdays from approximately 9:00 a.m. until at about 7:00 p.m.

17.     During this time, Plaintiff took two one-half hour breaks each day.

18.     During this time, Plaintiff generally worked at least fifty-nine (59) hours per week.

19.     Throughout Plaintiff's employment, Defendant paid Plaintiff on a commission only basis.

20.     Throughout her employment, Defendant paid Plaintiff a 25% commission of the monies collected and deposited for each tax season.

21.     Throughout each week of each tax season, Plaintiff collected monies for each tax return that she prepared on behalf of Defendant and deposited same in Defendant's bank account.

22.     Instead of paying Plaintiff 25% of the monies collected each week, Defendant paid Plaintiff a lump sum payment at the conclusion of the tax season.

23.     Instead of paying Plaintiff 25% of the monies collected each week when the commissions were actually earned, Defendant paid Plaintiff a small weekly advance that was offset against the overall commission calculation.

24.     Throughout Plaintiff's employment Defendants did not pay Plaintiff overtime compensation for any hours that she worked in excess of forty (40) hours each week.

25.     Throughout Plaintiff's employment, Defendant required Plaintiff to clock in and out of for work each day.

26.     Thus, throughout Plaintiff's employment, Defendant was aware of the hours that Plaintiff worked each day and each week.

27.     Throughout Plaintiff's employment, Defendant did not provide Plaintiff with complete and accurate paystubs along with her weekly paycheck, as required by NYLL § 195(3).

28.     At all times relevant to this lawsuit, Defendant has employed at least forty other tax preparers during each tax season.

29.     Defendant subjected, and continue to subject, all tax preparers to the same illegal practices and policies as Plaintiff herein.

30.     During her employment, Plaintiff and the other tax preparers were not exempt from the overtime provisions of the FLSA or the NYLL.

31.     Defendant managed Plaintiff and other tax preparers' employment, including the amount of overtime worked.

32.     Defendant dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

33.     Defendant was aware of Plaintiff and the other tax preparers' work hours but failed to pay them the full amount of wages to which they were entitled for this work time under the law.

34.    Defendant's failures to pay proper wages in a timely manner were made and continue to be made without good faith, willfully, and with a reckless disregard for Plaintiff and other tax preparers' rights, and Plaintiff and other tax preparers have been damaged by such failures.

## GENERAL ALLEGATIONS

35.    Plaintiff, individually and on behalf of all similarly situated current and former tax preparers employed by Defendant, including its subsidiaries and affiliated companies, brings this action as a collective action under the FLSA to recover, *inter alia*, unpaid overtime compensation owed to Plaintiff and all other similarly situated employees.

36.    Defendants' failure to pay Plaintiff and all other similarly situated employees overtime compensation when these employees worked in excess of forty (40) hours per week is a violation of the FLSA and the NYLL.

37..    As a result of these unlawful practices, Plaintiff and the similarly situated employees suffered a loss of wages.

## COLLECTIVE ACTION ALLEGATIONS

38.    Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and the following class of persons:

> All tax preparers who worked for Defendant at any time from six (6) years prior to the filing of this action to the entry of judgment in this action who give their consent, in writing, to become party plaintiffs (hereinafter, the "FLSA Class").

39.    Plaintiff and other members of the FLSA Class are similarly situated inasmuch as, *inter alia*, they were required to work in excess of forty (40) hours per week without being paid overtime compensation.

5

40.     Defendant has known that Plaintiff and the FLSA Class have performed work that has required overtime compensation. Nonetheless, Defendant has operated under a scheme to deprive Plaintiff and the FLSA Class of overtime compensation by failing to properly compensate them for all time worked.

41.     Defendant's conduct, as alleged herein, has been willful and has caused significant damage to Plaintiff and the FLSA Class.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**FAILURE TO COMPENSATE FOR OVERTIME**

42.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

43.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

44.     Plaintiff and other similarly situated employees were and are entitled to overtime pay as required by the FLSA because they were and continue to be employed by an enterprise engaged in commerce.

45.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce.

46.     Defendant was and is subject to the overtime pay requirements of the FLSA because Plaintiff and other similarly situated employees are individuals engaged in commerce.

47.     Upon information and belief, the gross annual volume of sales made or business done by Defendant for the years 2019, 2018, and 2017 was not less than $500,000.00.

48.     At all times relevant to this action, Plaintiff and other similarly situated employees were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

49.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

50.     By the above-alleged conduct, Defendant has violated the FLSA by failing to pay Plaintiff and other similarly situated employees overtime compensation as required by the FLSA.

51.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

52.     However, none of the Section 13 exemptions apply to Plaintiff or other similarly situated employees because they have not met the requirements for coverage under the exemptions.

53.     Defendant has acted willfully and has either known that its conduct violated the FLSA or has shown a reckless disregard for the matter of whether its conduct violated the FLSA.

54.     Defendant has not acted in good faith with respect to the conduct alleged herein.

55.     As a result of Defendant's violations of the FLSA, Plaintiff and other similarly situated employees have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## STATE-WIDE CLASS ALLEGATIONS

56.     The Plaintiff also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of herself individually and all other similarly situated employees who, during the relevant statute of limitations period, have worked as tax preparers with respect to the claims pleaded in Counts II and III of the complaint.

57.    Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if the following elements are met:

(a)    The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

(b)    There are questions of law or fact common to the class which predominate over and questions affecting only individual members;

(c)    The claims or defenses of the representative parties are typical of the claims or defenses of the class;

(d)    The representative parties will fairly and adequately protect the interests of the class; and

(e)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Class Definition

58.    Plaintiff seeks certification of a class consisting of the following individuals:

All tax preparers who performed their primary duties for the Defendant at the Defendant's offices located in New York at any time from six years prior to the filing of this Action to the entry of judgment in this Action (hereinafter the "New York Class").

### Numerosity

59.    Plaintiff satisfies the numerosity requirements as the proposed class is so numerous that joinder of all members is impracticable.

60.    The proposed class can be identified and located using the Defendant's payroll and personnel records. Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

8

## Common Questions of Law or Fact

61.     There are questions of fact and law common to each class member which predominate over any questions affecting only individual members.  The questions of fact and law common to each class member arising from Defendant's actions include, but are not limited to, the following:

      (a)     Whether the class members have qualified for exempt status;

      (b)     Whether Defendant conducted an analysis of class members' compensation before failing to pay them overtime compensation;

      (c)     Whether Defendant conducted an analysis of class members' duties and tasks before failing to pay them overtime;

      (d)     Whether the class members have been uniformly classified as exempt from overtime requirements;

      (e)     Whether Plaintiff and class members have regularly worked in excess of 40 hours per week;

      (f)     Whether Plaintiff and class members have been expected or required to work in excess of 40 hours per week;

      (g)     Whether Defendant's failure to pay overtime compensation has been willful; and

      (h)     Whether Defendant's failed to provide complete and proper wage statements to class members concurrent with each payment of wages.

62.     The questions set forth above predominate over any questions affecting only individual persons.  With respect to considerations of consistency, economy, efficiency, fairness,

9

and equity, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

63.     Plaintiff's claims are typical of the claims of the class members.  As a result of Defendant's unlawful conduct, Plaintiff suffered similar injuries as those suffered by other members of the respective class she seeks to represent.

## Adequacy

64.     Plaintiff is an adequate representative of the class she seeks to represent because she is a member of such class, and her interests do not conflict with the interests of the members of the class she seeks to represent.  The interests of the class members will be fairly and adequately protected by Plaintiff and her undersigned counsel.  Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

## Superiority

65.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

66.     Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims.

67.     The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT II
## VIOLATION OF THE NEW YORK LABOR ARTICLE 6 AND 19
## FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW

68.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

69.     At all times relevant to this Action, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§2 and 651.

70.     Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA.  12 NYCRR §142-2.2.

71.     By the above-alleged conduct, Defendant has failed to pay members of the New York Class overtime compensation as required by the New York Labor Articles.

72.     Plaintiff and the other members of the New York Class are not exempt from the overtime provisions of the New York Labor Articles, because they have not met the requirements for any of the reduced number of exemptions available under New York law.

73.     Plaintiff and the other members of the New York Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the New York Labor Articles, has been applied to all members of the New York Class and has deprived them of proper overtime compensation.

11

74.     Defendant has acted willfully and has either known that its conduct violated the New York Labor Articles or has shown a reckless disregard for the matter of whether their conduct violated the New York Labor Articles. Defendant has not acted in good faith with respect to the conduct alleged herein.

75.     As a result of Defendant's violations of the NYLL, Plaintiff and all others members of the New York class have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

**COUNT III**
**VIOLATION OF NEW YORK LABOR LAW SECTION 195(3)**
**FAILURE TO PROVIDE COMPLETE WRITTEN STATEMENTS CONCURRENT**
**WITH THE PAYMENT OF WAGES**

76.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

77.     Defendant willfully failed to provide Plaintiff and the other members of the New York Class with accurate written wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

78.     Through its knowing and intentional failure to provide Plaintiff and other members of the New York Class with wage statements required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

79.     As a result of Defendant's willful violations of the NYLL, Plaintiff and other members of the New York Class are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through her attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendant, and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff and all others similarly situated for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.    Order the Defendant to file with this Court and furnish to counsel a list of all names and addresses of all tax preparers who currently work for or who have worked for Defendant within the last six years;

B.    Authorize Plaintiff's counsel to issue a notice at the earliest possible time to all current and former tax preparers employed by the Defendant during the six years immediately preceding this Action, informing them that this Action has been filed, of the nature of the Action, and of their right to opt into this lawsuit if they worked in excess of 40 hours in a week during the liability period, for which they were not paid the FLSA-required overtime;

C.    Authorize Plaintiff to certify her claims under the state law of New York;

D.    Declare and find that the Defendant committed one or more of the following acts:

    1.    Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly situated persons who opt into this Action;

    2.    Willfully violated the overtime provisions of the FLSA;

    3.    Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiff and all class members;

13

    4.      Violated the provisions of the NYLL by failing to provide Plaintiff and New York Class members with accurate wage statements on each pay day;

    5.      Willfully violated the applicable provisions of the NYLL.

E.      Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

F.      Award interest on all NYLL claims and other compensation due accruing from the date such amounts were due;

G.      Award all costs and attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL.

H.      Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I.      Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
      March 13, 2020

                             Neil H. Greenberg, Esq.
                             Neil H. Greenberg & Associates, P.C.
                             *Attorneys for the Plaintiff*
                             4242 Merrick Road
                             Massapequa, New York 11758
                             Tel: 516.228.5100
                             nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned Ave Cinar, consent to be a party in **Cinar, Ave v. R&G**

**Brenner Income Tax, LLC** in order to seek redress for violations of the Fair Labor

Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
      December 10, 2019

                                         Ave Cinar